■ TWENTY FOUR HOUR FUEL OIL CORP., Respondent-Appellant, v HUNTER AMBULETTE-AMBULANCE INC., Appellant-Respondent, et al., Defendants. [697 NYS2d 312] —In an action, *inter alia,* to recover damages for breach of contract, (1) the defendant Hunter Ambulette-Ambulance, Inc., appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Dunne, J.), entered September 9, 1998, as denied, in part, its motion for summary judgment dismissing the complaint insofar as asserted against it and granted, in part, the plaintiff's motion for summary judgment, and (2) the plaintiff Twenty Four Hour Fuel Oil Corp. cross-appeals, as limited by its brief, from so much of the same order as denied, in part, its motion for summary judgment and granted, in part, the motion of the defendant Hunter Ambulette-Ambulance Inc. for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is modified, on the law, by deleting the provision thereof granting that branch of the plaintiff's motion which was for summary judgment against the defendant Hunter Ambulette-Ambulance Inc. on the issue of liability for State taxes, and substituting therefor a provision denying that branch of the plaintiff's motion; as so modified, the order is affirmed, without costs or disbursements.

The plaintiff, Twenty Four Hour Fuel Oil Corp. (hereinafter Twenty Four Hour), is a distributor of fuel and heating oil products. The defendant Hunter Ambulette-Ambulance Inc. (hereinafter Hunter) operates a fleet of ambulances and ambulettes. During the period from January 4, 1991, through December 29, 1992, Hunter purchased a significant amount of product from Twenty Four Hour. Hunter alleges that all such sales were of diesel fuel, which it used to power its fleet of vehicles, and that it expressly requested and paid for diesel fuel. Twenty Four Hour alleges that Hunter expressly requested and paid for No. 2 fuel oil, which is used primarily for heating purposes. Significantly, at all relevant times, the sale

of diesel fuel was subject to various State and Federal taxes, while the sale of No. 2 fuel oil was not. Further, at the time, the chemical composition of both products was the same and they were essentially indistinguishable. A subsequent tax audit of Twenty Four Hour concluded that the sales to Hunter during the time in question were taxable sales of diesel fuel. Accordingly, various State and Federal taxes were levied on Twenty Four Hour, as well as interest and penalties. Consequently, Twenty Four Hour commenced this action to recover such amounts. Twenty Four Hour argues, *inter alia*, that Hunter expressly requested delivery of No. 2 fuel oil and that it reasonably believed that the orders were legitimate sales of heating fuel not subject to taxation. Accordingly, Twenty Four Hour argues, Hunter should be held liable for all taxes levied after it was determined that such representations were false. Hunter argues that it ordered and paid for diesel fuel and, therefore, in effect, already paid whatever taxes should have been collected by Twenty Four Hour. Further, Hunter argues, given, *inter alia*, the nature of Hunter's business, any belief held by Twenty Four Hour to the contrary concerning the subject sales was not reasonable or actionable. After issue was joined, both parties moved for summary judgment. The Supreme Court, *inter alia*, granted that branch of Twenty Four Hour's motion which was for summary judgment against Hunter on the issue of liability for State taxes. We now modify.

On the record presented, the arguments of Hunter and Twenty Four Hour raise numerous factual issues as to who may be held liable for the taxes which prevent summary judgment to either party on that issue. We disagree with the Supreme Court's finding that Tax Law § 282-a (4), which provides that State taxes levied on the sale of diesel fuel "shall be passed through" to the purchaser, imposes, in effect, an absolute liability on Hunter for the payment of such taxes to the State. Questions of fact remain as to whether such State taxes were, in effect, already paid by Hunter and collected by Twenty Four Hour, and were simply not forwarded to the State. We do not find that Tax Law § 282-a (4), which was enacted to alleviate "administrative, collection and enforcement problems" with the prior diesel excise tax system, was intended to impose liability on the purchaser in such circumstances (L1988, ch 261, as amended).

The parties' remaining contentions are without merit. Mangano, P. J., O'Brien, Ritter and Schmidt, JJ., concur.